# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 12-854V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| CLAUDIA HUERTA and ELEAZAR HUERTA, as the Parents and Natural Guardians of V.H., a Minor, <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Filed: December 8, 2014 <br><br> Decision by Proffer; Damages; Human Papillomavirus ("HPV") Vaccine; Complex Regional Pain Syndrome ("CRPS") |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Mark Theodore Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioners.

*Alexis Babcock*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On December 10, 2012, Claudia Huerta and Eleazar Huerta, as parents of a minor child, V.H., filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioners alleged that V.H. suffered from complex regional pain syndrome ("CRPS") as a result of receiving the human papillomavirus ("HPV") vaccine on March 23, 2010.

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

In her Rule 4(c) Report, filed on April 30, 2013, Respondent conceded that V.H. had suffered CRPS due to receipt of the HPV vaccine. In view of Respondent's concession the special master previously responsible for this action issued a ruling, dated May 3, 2013, finding that Petitioners had established that V.H. was entitled to compensation for the injury, and subsequently issued an order indicating that this case was ready for the damages phase. On December 5, 2014, Respondent filed a proffer awarding compensation.

I have reviewed the file, and based upon that review, I conclude that the Respondent's proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The proffer awards:

- An amount sufficient to purchase an annuity contract, subject to the conditions described in the attached proffer, that will provide a certain lump sum payment of $162,056.50 payable to V.H. on October 15, 2018, paid to the life insurance company from which the annuity will be purchased.

Proffer § 2. This amount represents all elements of compensation to which V.H. would be entitled under 42 U.S.C. § 300aa-15(a). Should V.H. predecease the certain lump sum payment as set forth above, said payment shall be made to her estate.

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CLAUDIA HUERTA and ELEAZER HUERTA, as Parents and Natural Guardians of V.H., a Minor,<br><br>        Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>        Respondent. | **No. 12-854V**<br>**Special Master Corcoran** |

## RESPONDENT'S PROFFER OF DAMAGES

**I.     Items of Compensation and Form of Award**

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a future annuity payment as described below, and request that the special master's decision and the Court's judgment award the following payment:

> An amount sufficient to purchase an annuity contract,[1] subject to the conditions described below, that will provide a certain lump sum payment of $162,056.50 payable to V.H. on October 15, 2018, paid to the life insurance company[2] from

---

[1] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[2] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

1

which the annuity will be purchased.[3] This amount represents all elements of compensation to which V.H. would be entitled under 42 U.S.C. § 300aa-15(a).[4]

Petitioners agree.[5]

Should V.H. predecease the certain lump sum payment as set forth above, said payment shall be made to her estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of V.H.'s death.

        Respectfully submitted,

        JOYCE R. BRANDA
        Acting Assistant Attorney General

        RUPA BHATTACHARYYA
        Director
        Torts Branch, Civil Division

        VINCENT J. MATANOSKI
        Deputy Director
        Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Senior Trial Attorney
        Torts Branch, Civil Division

        /s/ Alexis B. Babcock
        ALEXIS B. BABCOCK
        Senior Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel.: (202) 616-7678

Dated: December 5, 2014

---

[3] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

[4] Should V.H. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[5] At the time payment is received, V.H. will be an adult, and thus guardianship is not required.