# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 12-854V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CLAUDIA HUERTA *and* | \* | Filed: February 3, 2015 |
| ELEAZAR HUERTA, | \* | |
| *as the Parents and Natural Guardians* | \* | |
| *of V.H., a Minor*, | \* | Decision by Stipulation; Attorneys' |
| | \* | Fees & Costs |
| Petitioners, | \* | |
| | \* | |
| v. | \* | |
| | \* | |
| | \* | |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Mark Theodore Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioners.

*Alexis Babcock*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## **ATTORNEYS' FEES AND COSTS DECISION**[1]

On December 10, 2012, Claudia Huerta and Eleazar Huerta, as parents of a minor child, V.H., filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioners alleged that V.H. suffered from complex regional pain syndrome ("CRPS")

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

as a result of receiving the human papillomavirus ("HPV") vaccine on March 23, 2010. In her Rule 4(c) report, filed on April 30, 2013, Respondent conceded that V.H. had suffered CRPS due to receipt of the HPV vaccine. In view of Respondent's concession the special master previously responsible for this action issued a ruling, dated May 3, 2013, finding that Petitioners had established that V.H. was entitled to compensation for the injury, and subsequently issued an order indicating that this case was ready for the damages phase. Thereafter, on December 5, 2014, Respondent filed a proffer awarding compensation. I subsequently issued a decision finding the proffer to be reasonable and granting Petitioner an award as outlined in the proffer.

On February 2, 2015, the parties filed a stipulation indicating that they had now reached an agreement regarding attorneys' fees and costs. The parties have stipulated that Petitioners' counsel should receive a lump sum of $21,000.00, in the form of a check payable to Petitioners and Petitioners' counsel. In addition, and in compliance with General Order #9, Petitioners have represented that they did incur any reimbursable costs in proceeding on this petition.

I approve the requested amount for attorneys' fees and costs as reasonable. Accordingly, an award of $21,000.00 should be made in the form of a check payable to Petitioners and Petitioners' counsel, Mark T. Sadaka. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.